UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In Re:                                                          Chapter 7

Harold Adamo, Jr.,                                              Case No. 814-73640-845

      Debtor.

------------------------------------------------------------X

Marc A. Pergament, Chapter 7 Trustee of the                     Adv. Proc. No. 816-_____-845
Estate of Harold Adamo, Jr.,
                                                                ECF No.

      Plaintiff,                                        Complaint

- against -

Hofstra University,

      Defendant.

------------------------------------------------------------X

      Marc A. Pergament, Chapter 7 Trustee ("Trustee" or "Plaintiff") of the Estate of Harold Adamo, Jr. ("Debtor"), by his attorneys, Weinberg, Gross & Pergament LLP, as and for his Complaint herein, respectfully alleges and represents to this Court as follows:

      1.    This action arises under 11 U.S.C. §§ 541, 544, 548, 549 and 550, Rules 6009 and 7001 of the Federal Rules of Bankruptcy Procedure and § 270 *et seq.* of the New York Debtor and Creditor Law.

      2.    This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 as this action arose in and under the Debtor's pending Chapter 7 case.

      3.    Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

      4.    This complaint is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

      5.    On August 6, 2014 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

6. By Order dated July 13, 2016 ("Conversion Date"), the Bankruptcy Court (Scarcella, U.S.B.J.) converted the Debtor's Chapter 11 case to one under Chapter 7.

7. On July 13, 2016, the Plaintiff was appointed to serve as the interim Chapter 7 Trustee of the Debtor's Estate and by operation of law, became the permanent Trustee of the Estate.

8. This is an action for money damages and the avoidance and recovery of pre-petition fraudulent conveyances and post-petition transfers of the Debtor's property.

## PARTIES

9. Plaintiff is the Chapter 7 Trustee of the Debtor's Estate.

10. Upon information and belief, Defendant Hofstra University ("Hofstra") was and is a not-for-profit education institution duly organized and existing under the laws of the State of New York, maintaining a place of business at 101 Hofstra University, Hempstead, New York 11549.

## BACKGROUND AND FACTS

11. Nicholas Adamo ("Nicholas") is the Debtor's son.

12. Upon information and belief, Nicholas attended Hofstra from 2009 through 2013.

13. Upon information and belief, the Debtor paid Nicholas' tuition and related expenses while he attended Hofstra.

14. Upon information and belief, Nicholas' tuition and related expenses were paid directly by the Debtor to Hofstra.

15. Upon information and belief, Nicholas' tuition and related expenses exceeded the sum of $200,000.00.

16. The payments made to Hofstra on behalf of Nicholas shall be referred to as the "Transfers."

17. Andrew Adamo ("Andrew") is the Debtor's son.

18. Upon information and belief, Andrew has attended Hofstra since 2015.

19. Upon information and belief, the Debtor has paid Andrew's tuition and related expenses while he has been attending Hofstra since 2015.

20. Upon information and belief, Andrew's tuition and related expenses were paid directly by the Debtor to Hofstra.

21. Upon information and belief, Andrew's tuition and related expenses have exceeded the sum of $90,000.00.

22. The payments made to Hofstra on behalf of Andrew shall be referred to as the "Post-Petition Transfers."

## AS AND FOR A FIRST CLAIM FOR RELIEF PURSUANT TO 11 U.S.C. § 549

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" of this Complaint as if more fully set forth at length herein.

24. Upon information and belief, between on or about August 6, 2014 through the Conversion Date, the Debtor made the Post-Petition Transfers.

25. The Post-Petition Transfers were made using assets of the Debtor's Estate.

26. The Post-Petition Transfers occurred after the commencement of the Debtor's bankruptcy case.

27. The Post-Petition Transfers were not authorized under the Bankruptcy Code.

28. The Post-Petition Transfers were not authorized by the Bankruptcy Court.

29. By virtue of the foregoing, Plaintiff is entitled to judgment awarding Plaintiff damages as against Hofstra in a sum to be determined at trial, plus interest.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(I)

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" of this Complaint as if more fully set forth at length herein.

31. Upon information and belief, between on or about August 6, 2012 and August 6, 2014, the Debtor fraudulently conveyed his assets by making a portion of the Transfers.

32. The Transfers made during the period of August 6, 2012 and August 6, 2014 were made in exchange for less than reasonably equivalent value and while the Debtor was insolvent or became insolvent as a result thereof.

33. The Transfers made during the period of August 6, 2012 and August 6, 2014 are void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I).

34. By virtue of the foregoing, Plaintiff is entitled to judgment: (a) finding that the Transfers made during the period of August 6, 2012 and August 6, 2014 were a fraudulent conveyance pursuant to 11 U.S.C. § 548; (b) pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), avoiding the Transfers and awarding Plaintiff damages as against Hofstra in a sum to be determined at trial, plus interest.

### AS AND FOR A THIRD CLAIM FOR RELIEF
### PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(II)

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" of this Complaint as if more fully set forth at length herein.

36. Upon information and belief, on or about between August 6, 2012 and the Petition Date, the Debtor fraudulently conveyed his assets by making the Transfers.

37. The Transfers made during the period of August 6, 2012 and August 6, 2014 were made in exchange for less than reasonably equivalent value and after such Transfers were made, the property remaining in the Debtor's possession was an unreasonably small amount of capital.

38. The Transfers made during the period of August 6, 2012 and August 6, 2014 are void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II).

39. By virtue of the foregoing, Plaintiff is entitled to judgment: (a) finding that the Transfers made during the period of August 6, 2012 and August 6, 2014 were a fraudulent conveyance pursuant to 11 U.S.C. § 548; (b) pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), avoiding the Transfers and awarding Plaintiff damages as against Hofstra in a sum to be determined at trial, plus interest.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## PURSUANT TO 11 U.S.C. § 548(a)(1)(B)(ii)(III)

40. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "22" of this Complaint as if more fully set forth at length herein.

41. Upon information and belief, between on or about August 6, 2012 and August 6, 2014, the Debtor fraudulently conveyed his assets by making a portion of the Transfers.

42. The Transfers made during the period of August 6, 2012 and August 6, 2014 were made in exchange for less than reasonably equivalent value and while the Debtor intended to incur or should have known that he would incur debts beyond his ability to pay as such debts matured.

43. The Transfers made during the period of August 6, 2012 and August 6, 2014 are void as a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III).

44. By virtue of the foregoing, Plaintiff is entitled to judgment: (a) finding that the Transfers made during the period of August 6, 2012 and August 6, 2014 were a fraudulent conveyance pursuant to 11 U.S.C. § 548; (b) pursuant to 11 U.S.C. §§ 544(b) and 550(a)(1), avoiding the Transfers and awarding Plaintiff damages as against Hofstra in a sum to be determined at trial, plus interest.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
### PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 273

45. Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "22" of this Complaint as if more fully set forth at length herein.

46. Upon information and belief, on or about between September 1, 2009 and the Petition Date, the Debtor fraudulently conveyed his assets by making the Transfers.

47. Upon information and belief, the Debtor was either insolvent at the time of the Transfers or was rendered insolvent thereby within the meaning of New York Debtor and Creditor Law § 271.

48. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfers within the meaning of New York Debtor and Creditor Law § 272.

49. Upon information and belief, on the date the Petition was filed against the Debtor, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502, who could have avoided the Transfers under New York Debtor and Creditor Law § 273.

50. By virtue of the foregoing, Plaintiff is entitled to judgment: (a) finding that the Transfers were a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273; (b) pursuant to New York Debtor and Creditor Law § 278, avoiding the Transfers and awarding Plaintiff damages as against Hofstra in a sum to be determined at trial, plus interest.

### AS AND FOR A SIXTH CLAIM FOR RELIEF

PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 273-a

51. Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "22" of this Complaint as if more fully set forth at length herein.

52. Upon information and belief, on or about between September 1, 2009 and the Petition Date, the Debtor fraudulently conveyed his assets by making the Transfers.

53. Upon information and belief, the Debtor was either insolvent at the time of the Transfers or was rendered insolvent thereby within the meaning of New York Debtor and Creditor Law § 271.

54. Upon information and belief, the Debtor did not receive fair consideration in exchange for the Transfers within the meaning of New York Debtor and Creditor Law § 272.

55. Upon information and belief, on the date the Petition was filed against the Debtor, there were actual existing unsecured creditors holding claims allowable under 11 U.S.C. § 502, who could have avoided the Transfers under New York Debtor and Creditor Law § 273-a.

56. Upon information and belief, as of the date of the Transfers, the Debtor was a defendant in in an action for money damages or a judgment has been docketed against the Debtor and the Debtor has failed to satisfy the judgment.

57. By virtue of the foregoing, Plaintiff is entitled to judgment: (a) finding that the Transfers were a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273-a; (b) pursuant to New York Debtor and Creditor Law § 278, avoiding the Transfers and awarding Plaintiff damages as against Hofstra in a sum to be determined at trial, plus interest.

### AS AND FOR AN SEVENTH CLAIM FOR RELIEF
PURSUANT TO NEW YORK DEBTOR AND CREDITOR LAW § 275

58. Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "22" of this Complaint as if more fully set forth at length herein.

59. Upon information and belief, on or about between September 1, 2009 and the Petition Date, the Debtor fraudulently conveyed his assets by making the Transfers.

60. Upon information and belief, on the date of the Transfers without sufficient consideration, the Debtor knew or should have known that he would incur debts beyond his ability to pay such debts as they matured.

61. Upon information and belief, the Debtor's knowledge of such inability to pay such debts requires that the Transfers be declared a fraudulent conveyance under New York Debtor and Creditor Law § 275 as to both existing and future creditors.

62. Upon information and belief, on the Petition Date, there were actual existing creditors who could have avoided the Transfers under New York Debtor and Creditor Law § 275.

63. By virtue of the foregoing, Plaintiff is entitled to judgment: (a) finding that the Transfers were a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 275; (b) pursuant to New York Debtor and Creditor Law § 278, avoiding the Transfers and awarding Plaintiff damages as against Hofstra in a sum to be determined at trial, plus interest.

WHEREFORE, Marc A. Pergament, Plaintiff-Trustee respectfully requests that this Court enter judgment against Defendant Hofstra University as follows:

    i. as to the First Claim for Relief, Plaintiff is entitled to judgment, in a sum to be determined at trial, plus interest;

    ii. as to the Second Claim for Relief, Plaintiff is entitled to judgment: (a) declaring the Transfers were a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(I); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Transfers and awarding Plaintiff damages as against Hofstra in a sum to be determined at trial, plus interest;

iii.      as to the Third Claim for Relief, Plaintiff is entitled to judgment: (a) declaring the Transfers were a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(II); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Transfers and awarding Plaintiff damages as against Hofstra in a sum to be determined at trial, plus interest;

iv.      as to the Fourth Claim for Relief, Plaintiff is entitled to judgment: (a) declaring the Transfers were a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(B)(ii)(III); and (b) pursuant to 11 U.S.C. §§ 550 and 551, avoiding the Transfers and awarding Plaintiff damages as against Hofstra in a sum to be determined at trial, plus interest;

v.      as to the Fifth Claim for Relief, Plaintiff is entitled to judgment: (a) declaring the Transfers were a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273; and (b) pursuant to New York Debtor and Creditor Law § 278, avoiding the Transfers and awarding Plaintiff damages as against Hofstra in a sum to be determined at trial, plus interest;

vi.      as to the Sixth Claim for Relief, Plaintiff is entitled to judgment: (a) declaring the Transfers were a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273-a; and (b) pursuant to New York Debtor and Creditor Law § 278, avoiding the Transfers and awarding Plaintiff damages as against Hofstra in a sum to be determined at trial, plus interest;

| | |
|---|---|
| vii. | as to the Seventh Claim for Relief, Plaintiff is entitled to judgment pursuant to New York Debtor and Creditor Law § 275 finding that the Transfers were a fraudulent conveyance and pursuant to New York Debtor and Creditor Law § 278, avoiding the Transfers and awarding Plaintiff damages as against Hofstra in a sum to be determined at trial, plus interest; and |
| viii. | costs and disbursements and such other and further relief as the Court deems just and proper. |

Dated: Garden City, New York
August 17, 2016

                            Weinberg, Gross & Pergament LLP
                            Attorneys for Plaintiff-Trustee

By: _____
                            Marc A. Pergament
                            400 Garden City Plaza, Suite 403
                            Garden City, New York  11530
                            (516) 877-2424